IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CAIRNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| SPRING CREEK BARBEQUE | ) | |
| CATERING CO., LTD., HOWARD | ) | |
| ELSON, MARTA ELSON and | ) | |
| CHRIS ELSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON    and CHRIS ELSON, JR., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON and CHRIS ELSON, JR., failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2.      Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, SPRING CREEK BARBEQUE CATERING CO., LTD. (hereinafter "SPRING CREEK BARBEQUE CATERING CO., LTD."), is a Texas limited company that transacts business in the State of Texas and within this judicial district.

8.      SPRING CREEK BARBEQUE CATERING CO., LTD. may be properly served with process via its registered agent for service, to wit:  Christopher S. Carroll, Registered Agent, 2340 West Interstate 20, Suite 100, Arlington, Texas  76017.

9.      Defendant, HOWARD ELSON (hereinafter "HOWARD ELSON"), is an individual who transacts business in the State of Texas and within this judicial district.

10.      HOWARD ELSON may be properly served with process via its Owner for service, to wit:  Howard Elson, 12428 Beverly Street, Overland Park, Kansas  66209-2765.

11.      Defendant, MARTA ELSON (hereinafter "MARTA ELSON"), is an individual who transacts business in the State of Texas and within this judicial district.

12.      MARTA ELSON may be properly served with process via its Owner for service, to wit:  Marta Elson, 12428 Beverly Street, Overland Park, Kansas  66209-2765.

13.      Defendant, CHRIS ELSON, JR. (hereinafter "CHRIS ELSON, JR."), is an individual who transacts business in the State of Texas and within this judicial district.

14.      CHRIS ELSON, JR. may be properly served with process via its Owner for service, to wit:  Chris Elson, Jr., 12428 Beverly Street, Overland Park, Kansas  66209-2765

## FACTUAL ALLEGATIONS

15.      On or about October 26, 2017, Plaintiff was a customer at "Spring Creek," a business located at 270 North Central Expressway, Richardson, Texas 75080, referenced herein as the "Spring Creek."  Plaintiff again visited Spring Creek July 18, 2018.  Plaintiff also visited Spring Creek on September 24, 2019.

3

16.     SPRING CREEK BARBEQUE CATERING CO., LTD. is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Spring Creek.

17.     HOWARD ELSON, MARTA ELSON and CHRIS ELSON, JR. are the owners or co-owners of the real property and improvements that Spring Creek is situated upon and that is the subject of this action, referenced herein as the "Property."

18.     Plaintiff's access to the business(es) located at 270 North Central Expressway, Richardson, Texas  75080, Dallas County Property Appraiser's parcel identification number 42045520010020000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at Spring Creek and the Property, including those set forth in this Complaint.

19.     Plaintiff has visited Spring Creek and the Property at least three times before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Spring Creek and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Spring Creek and the Property are accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Spring Creek and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

20.     Plaintiff intends on revisiting Spring Creek and the Property to purchase

goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

21.     Plaintiff travelled to Spring Creek and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Spring Creek and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Spring Creek and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

22.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

23.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

24.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

25.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

26.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or

less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

27.    Spring Creek is a public accommodation and service establishment.

28.    The Property is a public accommodation and service establishment.

29.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

30.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

31.    Spring Creek must be, but is not, in compliance with the ADA and ADAAG.

32.    The Property must be, but is not, in compliance with the ADA and ADAAG.

33.     Plaintiff has attempted to, and has to the extent possible, accessed Spring Creek and the Property in his capacity as a customer of Spring Creek and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Spring Creek and the Property that preclude and/or limit his access to Spring Creek and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34.    Plaintiff intends to visit Spring Creek and the Property again in the very

near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Spring Creek and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Spring Creek and the Property that preclude and/or limit his access to Spring Creek and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.    Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON   and CHRIS ELSON, JR., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Spring Creek and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

36.    Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON   and  CHRIS  ELSON,  JR.,  will  continue  to discriminate against Plaintiff and others with disabilities unless and until Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON     and CHRIS ELSON, JR., are compelled to remove all physical barriers that exist at Spring Creek and the Property, including those specifically set forth herein, and make Spring Creek and the Property accessible to and usable by Plaintiff and other persons with disabilities.

37.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Spring Creek and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Spring Creek and the Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

(i)     The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.  There are approximately 68 total parking spaces requiring at least three accessible parking spaces, however there are only two accessible parking spaces. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)     There are no van accessible parking spaces in violation of section 208.2.4 of the 2010 ADAAG Standards.  As Plaintiff has a van, this violation made it very difficult for Plaintiff to leave and enter his van.

(iii)     One or more accessible parking spaces are missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv)     The access aisle to the accessible parking space is not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) The accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vi) The Property has a ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vii) The accessible ramp leading to the accessible entrances has a rise greater than 6 (six) inches but does not have handrails complying with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii) There are changes in level in Spring Creek exceeding ½ (one-half) inch that are not ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an eating area in Spring Creek that is only accessible via a stair with no nearby ramp thus rendering this part of Spring Creek inaccessible. This violation made it dangerous and difficult for Plaintiff to access interior features of Spring Creek.

(ix) Due to the raised eating area inside Spring Creek, Spring Creek lacks an accessible route connecting all accessible elements and features inside the restaurant in violation of section 206.2.4 and 206.2.5 of the 2010 ADAAG

standards. This violation made it difficult for Plaintiff to access public features of the Property.

(x)     The Property lacks an accessible route from the sidewalk to the accessible entrance of the Property and/or Spring Creek in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xi)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b)    RESTROOMS**

(i)     The accessible toilet stall door is not self-closing and violates Section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(ii)    The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii)   The door exiting the restroom lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv)     The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

38.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Spring Creek and the Property.

39.     Plaintiff requires an inspection of Spring Creek and the Property in order to determine all of the discriminatory conditions present at Spring Creek and the Property in violation of the ADA.

40.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

41.      All of the violations alleged herein are readily achievable to modify to bring Spring Creek and the Property into compliance with the ADA.

42.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Spring Creek and the Property is readily achievable because the nature and cost of the modifications are relatively low.

43.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Spring Creek and the Property is readily achievable because Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON   and CHRIS ELSON, JR., have the financial

12

resources to make the necessary modifications.

44.     Upon information and good faith belief, Spring Creek and the Property have been altered since 2010.

45.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

46.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON and CHRIS ELSON, JR., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Spring Creek and the Property, including those alleged herein.

47.     Plaintiff's requested relief serves the public interest.

48.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

49.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON   and CHRIS ELSON, JR., pursuant to 42 U.S.C. §§ 12188 and 12205.

50.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA

ELSON       and CHRIS ELSON, JR., to modify Spring Creek and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, SPRING CREEK BARBEQUE CATERING CO., LTD., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, HOWARD ELSON, in violation of the ADA and ADAAG;

(c)     That the Court find Defendant, MARTA ELSON, in violation of the ADA and ADAAG;

(d)     That the Court find Defendant, CHRIS ELSON, JR., in violation of the ADA and ADAAG

(e)     That the Court issue a permanent injunction enjoining Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON   and CHRIS ELSON, JR., from continuing their discriminatory practices;

(f)     That the Court issue an Order requiring Defendants, SPRING CREEK BARBEQUE CATERING CO., LTD., HOWARD ELSON, MARTA ELSON       and CHRIS ELSON, JR., to (i) remove the physical barriers to access and (ii) alter the subject Spring Creek and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(g)     That the Court award Plaintiff his reasonable attorneys' fees, litigation

14

expenses and costs; and

(h)    That the Court grant such further relief as deemed just and equitable in light

of the circumstances.

Dated: October 8, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
21301 Powerline Road, Suite 106
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS